# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Ryan Ray Corman, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:12-cv-60 |
| vs. | ) | |
| | ) | **AMENDED REPORT** |
| Alex Schweitzer, Superintendent of the | ) | **AND RECOMMENDATION** |
| North Dakota State Hospital, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Ryan Ray Corman ("Corman") filed a petition for habeas relief under 28

U.S.C. § 2254. (Doc. # 2). He also filed two motions for a writ of mandamus (Doc. #27, Doc.

#30), a motion for a protective order (Doc. #28), and a motion for a hearing (Doc. #39). Upon

preliminary review of the petition the court ordered service upon the respondent. (Doc. #20).

The respondent filed a motion to dismiss the habeas petition (Doc. #33), which has been fully

briefed by the parties.

The undersigned magistrate judge entered a Report and Recommendation finding that

Corman's habeas petition is time-barred, and that Corman is not entitled to equitable tolling even

if he had no access to legal resources, because Corman was not incarcerated for nearly half of the

limitations period. (Doc. #48). In the respondent's memorandum in support of his motion to

dismiss Corman's habeas petition, the respondent stated that Corman's time in custody expired

in March of 2010, several months before the limitations period had run. (Doc. #34, p. 5).

Corman did not object to the information or state otherwise in his response to the motion to

dismiss. (See Doc. #38). The record before the court in this case indicates that Corman was

released from incarceration on approximately March 25, 2010. However, in Corman's objection

to the Report and Recommendation, Corman stated for the first time that he was not released

from incarceration in March of 2010, but rather he was incarcerated at the James River

Correctional Center for a conviction in a separate case, which is the subject of a federal habeas

petition that Corman filed subsequently to the instant matter. (Doc. #50, p. 7). It appears to the

court, after reviewing the state court docket in that case, that Corman was in pretrial detention

during the relevant time period.[1] See Corman v. Schweitzer, D.N.D. Case No. 3:12-cv-66, Resp.

Ex. #1 (state court docket), Resp. Ex. #3 (criminal judgment stating that Corman was given

credit for time served since October 2, 2009). In light of the new information regarding

Corman's period of incarceration,[2] the undersigned magistrate judge submits this Amended

Report and Recommendation.[3]

### Summary of Recommendation

Corman's habeas petition is time-barred. It is **RECOMMENDED** that the respondent's

motion to dismiss (Doc. #33) be **GRANTED**, the habeas petition (Doc. #2) be **DISMISSED**

with prejudice, and the motion for an evidentiary hearing (Doc. #39) be **DENIED**. Corman's

motions for a writ of mandamus and his motion for a protective order involve claims unrelated to

---

[1] Corman was not actually convicted in that case until January 10, 2011, when he entered a guilty plea to the charge of failure to register as a sexual offender. See Corman v. Schweitzer, D.N.D. Case No. 3:12-cv-66, Resp. Ex. #3 (criminal judgment).

[2] In Corman's objection to the Report and Recommendation, Corman also clarified the dates he was not incarcerated between the expiration of his initial sentence and the subsequent sentence imposed after his probation was revoked. (Doc. #50, p. 2). This information was previously unavailable to the court as the respondent did not provide documentation demonstrating the actual dates Corman was incarcerated. Rather, the respondent simply made assumptions based on the length of the sentence imposed. (See Doc. #34, p. 5).

[3] The Order denying Corman's motions to appoint counsel that was within the same document as the Report and Recommendation stands.

the instant action. It is **RECOMMENDED** that the motions (Doc. #27, Doc. #28, Doc. #30) be **DENIED**.

## Background

On June 24, 2008, Corman was found guilty of contributing to the delinquency of a minor. (Resp. Ex. #3). He was sentenced to one year of imprisonment with six months suspended, and two years of supervised probation. Id. Additionally, Corman was required to register as a sex offender. Id. Corman appealed the criminal judgment to the North Dakota Supreme Court alleging there was insufficient evidence to support the conviction, and that the state district court erred in finding that Corman demonstrated sexual predatory conduct requiring him to register as a sex offender. (Resp. Ex. #5). On May 14, 2009, the North Dakota Supreme Court affirmed the conviction, finding that a rational fact-finder could find Corman guilty beyond a reasonable doubt, and that there was sufficient evidence to require Corman to register as a sex offender, although the criminal judgment was modified to delete one of the subsections of the state statute under which Corman was required to register. (Resp. Ex. #7). Judgment was entered on May 15, 2009.[4] (Resp. Ex. #4). Corman did not file a petition for a writ of certiorari with the United States Supreme Court.

On November 25, 2009, Corman's probation was revoked and he was sentenced to one year of imprisonment with credit for time previously spent in custody. (Resp. Ex. #12). On October 3, 2011, Corman filed a state application for post-conviction relief. (Resp. Ex. #13). The state district court dismissed Corman's application based on res judicata and misuse of

---

[4] Respondent contends the judgment was filed on May 14, 2009, the date which it was signed. (See Resp. Ex. #8). However, the docket reflects it was filed on May 15, 2009. (Resp. Ex. #4). Either way, it does not affect the outcome.

process.  (Resp. Ex. #16).  The North Dakota Supreme Court summarily affirmed the state

district court's dismissal of the application.  (Resp. Ex. #20).

**Law and Discussion**

I.      Statute of Limitations

Corman's petition is governed by the Antiterrorism and Effective Death Penalty Act

("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions.

AEDPA provides that the one-year statute of limitations starts to run from the latest of several

triggering dates, including the date when the state court judgment becomes final by the

conclusion of direct review or the expiration of time for seeking such review.  28 U.S.C. §§

2244(d)(1)(A).

The North Dakota Supreme Court entered its judgment affirming the state district court's

criminal judgment on May 15, 2009.  (Resp. Ex. #4).  Corman had ninety days after the entry of

judgment to file a petition for a writ of certiorari with the United States Supreme Court.  Sup.Ct.

R. 13.1.  Under § 2244(d)(1)(A) Corman's conviction became final on August 14, 2009.  The

statute of limitations for filing a federal habeas petition had run before Corman filed his state

application for post-conviction relief on October 3, 2011.  Corman did not file the instant

petition until July 19, 2012, nearly two years after the limitations period had run.

II.     Equitable Tolling

As a matter of equity, this court may toll AEDPA's statute of limitations.  Holland v.

Florida, 130 S.Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he

shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."  Id. at 2562 (quoting Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotations omitted)). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002) (citations omitted). Equitable tolling may be invoked in limited cases such as "when circumstances over which a prisoner has no control make it *impossible* to file a timely petition." Id. (emphasis added). Thus, equitable tolling provides an extremely limited opportunity for this court to consider an otherwise time-barred petition.

Corman contends he did not timely file his habeas petition for several reasons: He had limited or no access to legal materials while imprisoned; he was denied counsel; the state district court was dilatory in ruling on his state application for post-conviction relief; the state misinformed him that its "unconstitutional and unethical acts" are "lawful and policy;" he lacks legal knowledge; and he suffers from depression. (Doc. #2, pg. 13, Doc. #50, p. 7). Despite his reasons, Corman has not established that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from filing a timely petition. See Pace 544 U.S. at 418.

Corman's conviction became final on August 14, 2009. According to Corman, he was not in custody at that time and was subsequently arrested on approximately September 4, 2009, after a warrant for his arrest was issued upon a petition for revocation of his probation. (Doc. #50, p. 7). The state court record reflects that Corman could not have been arrested before September 18, 2009, the date the petition for revocation of his probation was signed, and the date on which Corman admittedly possessed a knife, bullets and sexually stimulating materials at his

place of employment in violation of his conditions of probation. (Resp. Ex. #10, Resp. Ex. #12). Corman was not incarcerated for over one month after his conviction became final. Corman states in his objection he could not have filed a petition during that time because he was depressed and briefly hospitalized at Altru Hospital in Grand Forks, where he was ultimately arrested. (Doc. #50, p. 7). Corman's depression and hospitalization for a short period of time at the beginning of the limitations period would not have prevented him from timely filing a federal habeas petition. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 173 (S.D.N.Y. 2000) ("petitioner has the burden to show that [his] health problems rendered him unable to pursue his rights during the one-year time period"); Showers v. Kerestes, No. 11-950, 2012 WL 4478362, at *4 (W.D. Pa. August 27, 2012) (depression is not an extraordinary circumstance sufficient to warrant equitable tolling).

Corman was allowed to serve the sentence imposed upon the revocation of his probation at the Grand Forks Correctional Center. (Resp. Ex. #10). Corman contends the Grand Forks Correctional Center has no legal materials. (Doc. #45, p. 4). However, at some point Corman was transferred to the James River Correctional Center. Corman wrote in his objection to the Report and Recommendation that he "was not 'released from incarceration on or about March 25, 2010,' but was still incarcerated at James River Correctional Center . . . ." (Doc. #50, p. 7). This demonstrates that Corman was transferred to the James River Correctional Center prior to March 25, 2010. In mid-March 2010, Corman still had five months left in which to timely file a federal habeas petition. Respondent provided an affidavit of the Warden of the James River Correctional Center listing the facility's numerous legal resources. (Doc. #42-1). Corman contends it was difficult to utilize the legal materials because inmates had to sign up for access in

advance; there were only two time periods each day during which inmates could access the

materials and Corman's tutoring job precluded him from signing up for the weekday morning

sessions; at times the computers did not work properly; Corman had to learn how to use the

system; he could not print and store materials; there was no technical support; some of the

materials were not up to date, and the form for filing a federal habeas petition was not the most

current version.  (Doc. #45, pp. 4-5).

The James River Correctional Center's policies regarding access to the law library and its

alleged shortcomings were not enough to make it impossible for Corman to timely file a federal

habeas petition.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (prison's rule limiting

inmates to two hours at a time in the law library and making them sign up in advance does not

justify equitable tolling); Kreutzer v. Bowersox, 231 F.3d 460, 463 ("Even in the case of an

unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling

has not been warranted.");  Earl v. Fabian, 556 F.3d 717, 724-25 (8th Cir. 2009) (prisoner who

only had access to the library for a few hours one day a week because of his prison job did not

act with the requisite diligence and was not entitled to equitable tolling).

With regard to Corman's other claims regarding equitable tolling, Corman was

represented by counsel at trial, on direct appeal, and during the probation revocation proceedings

(Resp. Ex. #3, Resp. Ex. #5, Resp. Ex. #12); he is not entitled to counsel with regard to his

petition for habeas relief; Corman's state application for post-conviction relief was not filed until

after the limitations period had expired; Corman does not state what "unconstitutional acts" on

the part of the state made it impossible for him to file a timely petition, and his lack of legal

knowledge does not justify equitable tolling.  "Prisoners are not exempt from the principle that

everyone is presumed to know the law and is subject to the law whether or not he is actually

aware of the particular law of which he has run afoul." Baker v. Norris, 321 F.3d 769, 772 (8th

Cir. 2003) (citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of

the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing")).

Corman contends he was diligently pursuing his rights by trying to obtain counsel and

reporting what he deems as misconduct to the authorities. (Doc. #38, p. 4). However, even

without an attorney Corman could have timely filed a petition for habeas relief. Corman has

filed two habeas petitions with this court, and although untimely, both were filed without the

assistance of counsel. Additionally, even though Corman was reporting alleged misconduct to

the state authorities during the limitations period, that in and of itself would not have prevented

Corman from timely filing a petition. Given the circumstances, the court cannot find that

Corman was diligently pursing his rights and that some extraordinary circumstance prevented

him from timely filing a petition for habeas relief. Corman has not demonstrated that he is

entitled to equitable tolling.[5] Accordingly, it is **RECOMMENDED** that the respondent's

motion to dismiss (Doc. #33) be **GRANTED**, Corman's habeas petition (Doc. #2) be

**DISMISSED** with prejudice, and his motion for an evidentiary hearing (Doc. #39) be **DENIED**.

III.     Motions

Corman filed two motions for a writ of mandamus and a motion for a protective order

regarding complaints he has about the North Dakota State Hospital where he is being held for an

evaluation. (Doc. #27, Doc. #28, Doc. #30). The instant action does not involve claims against

---

[5] Because the court has found that Corman's habeas petition is time-barred, it need not
address respondent's alternative contention that Corman's claims are procedurally defaulted.

the North Dakota State Hospital and it does not challenge his civil commitment proceedings.  It

is **RECOMMENDED** that Corman's motions for a writ of mandamus (Doc. #27, Doc. #30) and

his motion for a protective order (Doc. #28) be **DENIED**.

### Conclusion

Corman's federal habeas petition is untimely and Corman has not demonstrated

justification for equitable tolling.  His two motions for a writ of mandamus and his motion for a

protective order do not relate to the instant action.  It is **RECOMMENDED** that:

1. The respondent's motion to dismiss (Doc. #33) be **GRANTED**;

2. Corman's petition for habeas relief (Doc. #2) be **DISMISSED** with prejudice;

3. Corman's motion for an evidentiary hearing (Doc. #39) be **DENIED**;

3. Corman's two motions for a writ of mandamus (Doc. #27, Doc. #30) and his

   motion for a protective order (Doc. #28) be **DENIED**;

3. The court certify that an appeal from the dismissal of this action may not be taken

   *in forma pauperis* because such an appeal would be frivolous and cannot be taken

   in good faith; and

4. A certificate of appealability not be issued with respect to any of the issues raised

   by Corman in this action.

Dated this 28th day of December, 2012.

   /s/ *Karen K. Klein*

Karen K. Klein
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Amended Report and Recommendation by filing with the Clerk of Court no later than January 14, 2013, a pleading specifically identifying those portions of the Amended Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.