IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Ryan Ray Corman, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:12-cv-60 |
| | ) | |
| -vs- | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ADOPTING REPORT AND** |
| Alex Schweitzer, Superintendent of the | ) | **RECOMMENDATIONS** |
| North Dakota State Hospital, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has received a Report and Recommendation (Doc. #48) and an Amended Report and Recommendation (Doc. #51) from the Honorable Karen K. Klein, United States Magistrate Judge, recommending that Respondent's motion to dismiss be granted, the habeas petition be dismissed with prejudice, the motion for an evidentiary hearing be denied, and Petitioner's motions for a writ of mandamus and protective order be denied. Petitioner Ryan Corman (hereafter "Corman") timely filed objections to the Report and Recommendations (Doc. #50, 52). The Court has carefully considered Corman's objections along with the entire file and now issues this memorandum opinion and order finding that Corman's petition is time-barred.

## FACTUAL BACKGROUND

In June 2008, Corman was convicted of contributing to the delinquency or deprivation of a minor. He was sentenced to one year of imprisonment with six months suspended, and two years of supervised probation. In addition, Corman was ordered to register as a sex offender. State v. Corman, 765 N.W.2d 530, 531 (N.D. 2009).

Corman appealed the judgment to the North Dakota Supreme Court. He argued there was insufficient evidence to support the conviction and that he should not have to register as a sex offender. The Supreme Court concluded that the trial court "clearly did not believe Corman's testimony that he did not provide the [pornographic] materials to R.L. and gave greater weight to the testimony of R.L., R.L.'s mother and law enforcement." Corman, 765 N.W.2d at 533. The Court further recited additional testimony that could cause a rational fact-finder to find Corman guilty beyond a reasonable doubt. Id. at 534.

With regard to the requirement that Corman register as a sex offender, the Supreme Court modified the judgment to delete reference to N.D.Cent.Code § 12.1-32-15(2)(d), but affirmed the judgment as to N.D.Cent.Code § 12.1-32-15(2)(e). Section 12-1-32-15(2)(e) permits a court to require registration for an offender "if the court finds the individual demonstrated . . . sexual predatory conduct in the commission of the offense. . . ." In finding Corman engaged in "sexual predatory conduct", the district court considered the age disparity between Corman and the victim, the relationship of trust that had been established between Corman and the victim, the circumstances of the offense, and the mental state of Corman. Id. at 535-36. The district court also noted Corman's criminal history, which includes a molestation conviction involving a 9 year old child, as well as Corman's continued use of alcohol creating "a potentially dangerous situation." Id. at 536. The Supreme Court concluded that these were permissible factors to consider and affirmed the registration requirement under N.D.Cent.Code § 12.1-32-15(2)(e). Id.

A petition for revocation was filed, alleging a number of violations, including: (1) possession of a 13-inch hunting knife with an 8-inch blade, which violated the condition prohibiting possession of any type of firearm, destructive device, or dangerous weapon; (2)

possession of bullets, which violated the condition prohibiting possession of any type of firearm, destructive device, or dangerous weapon; (3) possession of two books containing sexual material, which violated the condition prohibiting the purchase, possession, or use of sexually stimulating materials of any kind; (4) possession of several pictures (and the negatives) of a male child, which violated the condition prohibiting the purchase, possession, or use of sexually stimulating materials of any kind; (5) possession of eight Playboy magazines and one book, which violated the condition prohibiting the purchase, possession, or use of sexually stimulating materials of any kind; (6) termination from sex offender treatment for unsuccessful completion, which violated the condition requiring him to attend, participate in, cooperate with, and successfully follow and complete all sex offender treatment requirements; (7) failure to pay the fines/fees to the Grand Forks County Clerk of Court; and (8) failure to pay supervision fees to the North Dakota Department of Corrections (Doc. #35, Exh. 9). The state district court found sufficient evidence to establish allegations 1, 2, 3, 5, 7, and 8 (Doc. #35, Exhs. 10, 12). Corman's probation was revoked and he was sentenced to one year with the North Dakota Department of Corrections to be followed by two years of supervised probation. Id.

Corman filed a state application for post-conviction relief (Doc. #35, Exh. 13). He alleged nine grounds for relief, including generally that the arrest and conviction was obtained using false information, unreliable witnesses, perjured testimony, and illegal witness tampering; that he was convicted and sentenced in retaliation for exercising his right to a trial; that the State provided false prior sex offender convictions to the psychologist completing the Pre-Sentence Investigation; that the "tainted" Pre-Sentence Investigation lead to the sex offender registration requirement; and that he was denied a fair trial, due process, and equal protection (Doc. #35,

Exh. 13). The district court summarily dismissed each allegation, finding it was either barred by *res judicata* or misuse of process (Doc. #35, Exh. 16). The Supreme Court in a *per curiam* opinion summarily affirmed the district court's order (Doc. #35, Exh. #20).

Corman placed the instant petition in the prison mailing system on July 19, 2012 (Doc. #2, p. 14). Corman alleges some of the same claims as he did in his state petition: (1) the State used false information and perjured testimony to obtain a conviction; (2) the prosecutor tampered with witnesses to obtain a conviction; (3) the State used false criminal history to declare him a sexual offender; and (4) the State punished him for exercising his right to a trial (Doc. #2).

The magistrate judge ordered service of the petition on Respondent (Doc. #20). The Respondent has answered the petition and filed a motion to dismiss (Docs. #32, 33). Respondent affirmatively asserts in his answer and in his motion that the petition is barred by the one-year statute of limitations governing habeas corpus petitions.

## ANALYSIS

### 1.    The Petition is Time-Barred.

Corman had one year to file his federal habeas petition from the date that his conviction and sentence became final. 28 U.S.C. § 2244(d)(1); Rues v. Denney, 643 F.3d 618, 620 n.3 (8th Cir. 2011). The North Dakota Supreme Court affirmed the district court's judgment on May 14, 2009 (Doc. #35, Exh. 7); Corman, 765 N.W.2d 530 (N.D. 2009). Judgment was mailed to the parties on May 15, 2009 (Doc. #35, Exh. 4). Corman had 90 days after the entry of judgment to file a petition for a writ of certiorari with the United States Supreme Court. Pursuant to § 2244(d)(1)(A), Corman's conviction became final on August 14, 2009, and thus the one-year limitations period for filing a federal habeas corpus petition ran on August 14, 2010. Corman

mailed the instant petition on July 19, 2012, which is almost two years after the limitations period had run.

Although the time during which a "properly filed" application for state post-conviction review is not to be counted toward any period of limitation, 28 U.S.C. § 2244(d)(1)(2), Corman filed his state post-conviction petition after the one-year time limit for filing a federal habeas corpus petition expired. Consequently, Corman's federal habeas petition mailed on July 19, 2012 is untimely.

### 2. Corman Has Failed to Demonstrate Equitable Tolling Applies.

The limitations period may be tolled as a matter of equity. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Corman offers the following grounds for his failure to timely file the petition: (1) he was deprived of access to legal materials; (2) he was denied counsel; (3) the state court was dilatory in ruling on his post-conviction relief petition; (4) the State willfully provided "disinformation"; and (5) he lacks a legal education and was unaware of the procedures and rules. In his objections to the Report and Recommendation, Corman delves into the merits of his claims, reiterates his lack of legal knowledge, and adds that he was hospitalized with depression for a period of time and was evicted from his stable home with a malicious intent to "disrupt [his] life and prevent effective research into legal recourses [sic]." (Doc. #50, p. 8).

The law is clear that an inmate is not entitled to counsel to pursue a habeas corpus

petition. <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (in the post-conviction context, prisoners have no constitutional right to counsel). Corman has not identified any specific action or inaction by another person that prevented him from discovering relevant facts in a timely fashion, or that a reasonably diligent petitioner could not have discovered the facts in time to file a petition within the limitations period. Likewise, any delay by the state court in issuing a decision on his state post-conviction relief petition is irrelevant under the circumstances because the state petition was filed <u>after</u> the limitations period had run. Corman merely makes conclusory statements that are unsupported by any evidence. The Court finds Corman failed to act with the requisite diligence needed in order to invoke the equitable tolling doctrine.

Corman also alleges that his lack of legal knowledge and depression are a basis for applying equitable tolling. The Eighth Circuit has outright rejected Corman's claim that legal inexperience is a basis for applying the equitable remedy. <u>Cross-Bey v. Gammon</u>, 322 F.3d 1012, 1016 (8th Cir. 2003) (a prisoner's lack of legal knowledge or resources is an insufficient basis to warrant equitable tolling).

With regard to Corman's claim of depression, for a mental illness to excuse a procedural default, the petitioner must make "a conclusive showing that he or she was incompetent at the time of the postconviction proceedings." <u>Ervin v. Delo</u>, 194 F.3d 908, 915 (8th Cir. 1999) (citing <u>Nachtigall v. Class</u>, 48 F.3d 1076, 1081 (8th Cir. 1995)). A determination of competence depends on whether the petitioner was "suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation." <u>Id.</u> (quoting <u>Anderson v. White</u>, 32 F.3d 320, 321 (8th Cir. 1994)). The alleged depression does not amount to cause excusing Corman's

procedural default. Corman was in pretrial detention for a majority of the time during which the one year limitation period was running. There is no evidence that he was unable to make a rational decision about whether to pursue post-conviction relief. Corman's alleged depression at the beginning of the limitation period did not render him mentally incompetent such that it completely hindered his ability to file a pro se post-conviction petition for a whole year. The Court finds the alleged depression does not warrant equitable tolling. See Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008) ("Courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent.").

Corman also claims he had inadequate access to legal materials. The Court is mindful that access to legal materials in many institutions is limited and it is common for demand to exceed available resources. Likewise, the Court is aware that oftentimes detainees would like access to legal resources that are not available within the institution. Nonetheless, there is neither a constitutional right to unlimited access to legal materials nor is a prisoner entitled to a minimum number of hours in the prison law library. Earl v. Fabian, 556 F.3d 717, 724 (8th Cir. 2009) (quoting Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007)). Generally, the limited access to legal materials in a correctional facility does not make it impossible to file a petition on time. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The conditions described by Corman are insufficient to support a finding that the limited access to legal resources prevented him from timely filing his habeas petition.

The circumstances identified by Corman, either alone or considered together, are not so extraordinary to warrant equitable tolling. The Court further finds that it is well-advised on the

arguments of the parties and a hearing is unnecessary to decide the issues.

### 3. Motions for a Protective Order and Writ of Mandamus

Corman has filed two motions for a writ of mandamus - one ordering restoration of his civil and constitutional rights at the North Dakota State Hospital and another one ordering the identification of his "clinical team" at the North Dakota State Hospital. He also seeks a protective order related to his claims against the North Dakota State Hospital. This action does not include claims against the State Hospital, and, therefore the motions are not properly before the Court in this matter. The motions are **DENIED**.

## DECISION AND ORDER

After considering the Report and Recommendation and the Amended Report and Recommendation, conducting a *de novo* review of Corman's objections, and reviewing the entire file, the Court finds the Magistrate Judge's position is correct. Accordingly, the Court hereby adopts the Amended Report and Recommendation in its entirety. For the reasons set forth therein and for the additional reasons set forth herein, Respondent's motion to dismiss (Doc. #33) is **GRANTED**, Corman's motion for writ of habeas corpus (Doc. #2) is **DISMISSED** with prejudice, Corman's motion for an evidentiary hearing (Doc. #39) is **DENIED**, and Corman's motions for a writ of mandamus (Doc. #27, 30) and protective order (Doc. #28) are **DENIED**.

## CERTIFICATE OF APPEALABILITY

The Court certifies that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a

different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. <u>See</u> <u>Tiedemann v. Benson</u>, 122 F.3d 518, 252 (8th Cir. 1997). If Corman desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with <u>Tiedemann</u> 122 F.3d at 250-252.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 4th day of February, 2013.

*/s/ Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court